CALOGERO, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, instituted disciplinary proceedings against James M. Boone, an attorney who was then engaged in a personal injury practice in New Orleans. The Committee’s petition alleged 1) making false statements and misrepresentations about pleadings having been filed and conferences conducted with opposing counsel in the course of a pending Jones Act lawsuit in the United States District Court for the Eastern District of Louisiana, and 2) making a false statement to the judge of the same division of the District Court in the Eastern District in another pending lawsuit in order to avoid dismissal of the case. We appointed a Commissioner who conducted a hearing, concluded that the charges had essentially been proven, and thereafter recommended a five year suspension from the practice of law.
Respondent’s position is that he never directly benefitted from his alleged misdeeds and that any errors made by him during this period were not the result of intentional wrongdoing. For these reasons, respondent believes that the appropriate discipline should be no more than a reprimand. On the other hand, the Committee urges that the proper discipline is disbarment. For the reasons which follow we find that respondent, by violating disciplinary rules of the Code of Professional Responsibility, has demonstrated a present moral unfitness to practice law (Article 15 section 6 of the Louisiana State Bar Association’s Articles of Incorporation), and we determine that defendant should be suspended from the practice of law in this State for a period of three years.
Respondent Boone received his law degree in 1977. Initially he established a private law practice in Baton Rouge. By 1981 he had begun practicing in New Orleans. He quickly found himself handling an increasingly heavy caseload. Much of his work entailed representing parties in maritime personal injury actions in federal court. The two incidents of alleged wrongdoing with which we are concerned occurred in August and September of 1981 when he was, by his own later admission, overextended. Both incidents involve untruthful behavior.
The first incident occurred in connection with a maritime personal injury case entitled Kimbro v. M/V Miss Chantel, Civil Action No. 81-669(D). After filing in federal court a pleading which included a demand for jury trial Boone determined that his client’s best interest would be served by having an expedited non-jury trial. In order to accomplish this he falsely stated both his and his opposing counsel's positions with regard to this jury versus non-jury procedural matter. Specifically, re *996 spondent in a “Local Rule Certifícate”, informed the Court that he had conferred with the defendant’s counsel when in fact he had not done so. Respondent further stated in open court that he had submitted a motion and had met with defendant’s counsel on July 29, 1981 and that the defendant had not opposed the motion to waive the jury. This, also, was not true.
In another personal injury lawsuit before the same federal judge just a month later, Boone misstated the status of the pleadings and averred that defense counsel had filed an answer to the suit Poppell v. the H/V D-Del., Civil Action No. 81-75(D), when none had in fact been filed. This came about after respondent had been informed by the Court that unless “appropriate action” was taken promptly, his case would be placed on the call docket to be dismissed for lack of prosecution. Boone’s motive was apparently to maintain penden-cy of the lawsuit without having to default a represented opponent with whom respondent had already been engaged in discovery.

Kimbro

In February of 1981 Boone filed a civil action in the United States District Court for the Eastern District of Louisiana in the matter of Kimbro v. M/V Miss Chantel, Civil Action No. 81-669(D) under the court’s Jones Act jurisdiction. In the pleadings respondent invoked plaintiff's right to a jury trial. The defendants answered the complaint on April 2, 1981, generally denying its allegations.
On July 31,1981, respondent filed a “Motion for Expedited Trial Based on Hardship and Necessitous Circumstance.” In that motion respondent represented among other things that his client “... has waived his jury demand in the initial complaint.” A “Local Rule Certificate” appeared at the top of the motion. Local Rule 3.11 of the United States District Court for the Eastern District of Louisiana requires a certificate attesting that the opposing counsel have met and conferred for purposes of amicably resolving the issues of the contested motion. His certificate, in the required form, stated innaccurately that he had conferred with opposing counsel, but did state truthfully that defendants “do oppose the motion”.
The counsel for the defendants filed a Response to Plaintiff’s Motion for Expedited Trial on August 6, 1981, approximately seven days after the original motion was lodged with the Court. In that response defense counsel denied having conferred with plaintiff’s counsel with regard to the motion.
On August 19, 1981 a hearing on the plaintiff’s motion took place before the judge in the matter, the Honorable Edward J. Boyle, Sr. Respondent did not attend, but was represented by a lawyer, not of record in the case, named Robert Downing. The motion was continued to August 26, and respondent Boone was ordered to appear. The defendant’s lawyer testified as follows concerning what happened next:
Well, Mr. Boone got in trouble with Judge Boyle about this, and Judge Boyle scheduled a hearing, and I’m not sure whether it was on this or on another motion; but at any rate, Mr. Boone at that point had associated someone else to work with him on the case and that person went to the hearing, the other lawyer, and Judge Boyle ordered Mr. Boone — he continued the hearing and ordered Mr. Boone to appear at the next hearing, and as I recall, and I know I’m correct, Mr. Boone called me and was very interested in settling at that point because he did not wish to attend the hearing, and by settling the case he could avoid the court appearance before Judge Boyle.
Boone opened the next hearing by stating that the Kimbro case had been settled. In response, the Court observed that “we have not settled what you have done in the Kimbro case, and that is why you are here this morning.” Judge Boyle then referred to the plaintiff’s complaint and made reference to the fact that a demand for trial by jury had been made on behalf of Mr. Kimb-ro. Why then, the Court asked, had the respondent alleged, in his Motion for Expe *997 dited Trial, that the plaintiff waived his jury demand in the initial complaint?
Boone responded by alleging that: “Before I answer, I filed another motion to waive it after I filed the complaint.”
The Court observed that this was not so, since the record contained no such waiver. (The Commissioner noted that he had examined the Clerk’s record carefully, and found the observation of Judge Boyle to be correct.)
Boone then made reference to a photostat of such a waiver, allegedly contained in his file; he later asserted that, through negligence “on his ... part ...” the original had not been filed with the Court.
Judge Boyle concluded his exchange with the respondent by observing that 1) he intended to refer Boone’s misrepresentation “for appropriate investigation and disciplinary action ... ”; and that 2) the benefit of a trial by jury could not be waived in the absence of consent by the defendant; and that 3) the respondent had falsely claimed that he had met with counsel for the defendant on July 29, 1981 to discuss his motion, when in fact no such meeting had taken place.

Poppell

A month later respondent was attorney of record in another case filed in Judge Boyle’s division of the United States District Court for the Eastern District of Louisiana, Poppell v. the H/V D-Del., Civil Action No. 81-75(D). Boone filed suit for the plaintiff, and the defendant was duly served. When no answer or other pleading was timely filed by the defendants, the trial court routinely issued a written order to Boone requiring that he 1) notify defense counsel immediately to make an appearance or move for an extension of time, or 2) file application for entry of default unless answer is filed within ten days, or 3) advise the court in writing of any good cause to the contrary. The Court further advised Boone that unless an answer was obtained or an application for default was entered that the case would be placed on the call docket and dismissed for lack of prosecution. Boone did not respond to this written order of the Court, and he was given notice that the case would be called on August 19, 1981 at 10:00 A.M. Boone failed to appear on that date, but Robert Downing, not a counsel of record, appeared in Boone’s place. At that time the Court ordered Boone either to obtain answer from the defendant or take a default judgment by September 2, 1981. Failure to do so would be grounds for dismissing the action. On September 2 Boone again failed to appear and the case was dismissed.
On September 18, 1981 Boone filed a motion for rehearing. It was set for October 21, 1981, but Boone did not appear on that date. Instead he sent an attorney named Suzette Powers. That hearing was continued to October 28, 1981 and at that time Ms. Powers was again in attendance, this time explaining that Boone was out of the country and that he had dictated and mailed a motion to continue the proceedings set for that morning. (Eventually that motion was received by the Court.) Boone’s motion to continue was denied, and in the motion for rehearing and supporting memorandum Boone stated that defendants in fact “did file an answer.” As will be explained below, that statement was false.
At the Commissioner’s hearing Boone initially testified that defense attorney Robert P. McCleskey had assured him that an answer to the suit had been filed. Later at the hearing however, the respondent referred to his motion for rehearing in which he had represented that the “defendants did file an answer,” and said essentially that an assurance had been given to him by either Mr. Gelpi or Mr. McClesky that an answer had been filed. But Gelpi and McCleskey, in the deposition testimony which they gave on April 20, 1987 denied having any conversations whatsoever with Boone regarding the filing of an answer in the Poppell case. Both lawyers stated that they first realized an answer had not been placed in the record when Gelpi received from Boone a copy of a letter dated September 15, 1981, through which the motion for rehearing was transmitted to the court by the respondent.
*998 As he testified in his deposition, Gelpi wrote “what the hell is this,” on his copy of the letter, and sent it to McCleskey. When he received the note, McCleskey discussed it with Gelpi, then went through “... the pleadings side of our file and realized for the first time that we had not yet filed an answer ... ”.
By order of the Honorable Charles Schwartz Jr., at that time the Acting Chief Judge of the Eastern District of Louisiana, Don M. Richard, counsel to the Standing Committee on Professional Responsibility for the United States District Court, was designated to initiate and prosecute disciplinary proceedings against Boone.
A petition to institute disciplinary proceedings was filed in the Eastern District on June 15,1984, and on July 9 of that year Boone was cited to show cause why he should not be disciplined.
An evidentiary hearing was subsequently held before the Honorable Morey L. Sear, United States District Judge, who on March 12, 1985 issued findings of fact and conclusions of law which recommended that Boone be disbarred from the practice of law in the Eastern District of Louisiana. Thereafter, upon the unanimous vote of the court, the recommendation of Judge Sear was adopted, and Boone was disbarred by order dated April 30, 1985.[1]
The Committee on Professional Responsibility concluded its investigation in January of 1987. Based upon the evidence adduced at the hearing, the Committee by unanimous vote (with one member recused), was of the opinion that the respondent was guilty “of a violation of the laws of the state of Louisiana relating to the professional conduct of lawyers of sufficient gravity as to demonstrate a lack of moral fitness for the practice of law.” Specifically, the Committee found that Boone had violated Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), Rule 1-102(A)(5) (conduct prejudicial to the administration of justice), Rule 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law), Rule 7-102(A)(5) (knowingly making a false statement of law or fact) and Rule 7-106(C)(6) (engaging in undignified or discourteous conduct which is degrading to a tribunal). The Commissioner found a sufficient factual basis to support the opinion of the Committee.
The record in this case supports the Commissioner’s conclusion that respondent did violate the disciplinary rules and that he was guilty of the conduct charged in the specifications. We also find that his conduct reflects adversely upon his fitness to practice law such that disciplinary action is warranted.
The primary question which remains is what discipline should be imposed. The Commissioner determined that a five-year term of suspension from the practice of law would be appropriate. The Committee on Professional Responsibility argues for disbarment; respondent maintains that a reprimand is sufficient.
The Commissioner suggests that there are certain aggravating factors. Instead of being forthright with the trial judge, respondent avoided communication. Instead of being frank with the Bar Association’s investigatory committee, respondent tended to put his actions in a misleadingly positive light until he was faced with direct contradictory testimony and obliged to recant. The Commissioner also points out that defendant has had two prior reprimands, one involving the issuing of an NSF *999 check to an associated attorney and another relating to a loan Boone made from a personal injury client after settlement. In addition, the Commissioner in Kimbro found that Boone’s deliberate act of settling his client’s claim under adverse circumstances of his own making substantially prejudiced his client’s cause within the meaning of Disciplinary Rule 7-101(A)(3).
In mitigation, however, we note that this respondent has already suffered substantial penalties. His maritime and personal injury practice in New Orleans was no doubt severely curtailed when he was disbarred from practicing in federal court. This situation almost surely contributed to his subsequently giving up his Louisiana practice and moving to New York. Furthermore, the character of the misconduct was not such that it mandates disbarment. There was no conviction of a felony, nor theft, nor comingling of funds. Here instead we have an overburdened lawyer who was caught lying, or at the least misstating the truth, to the trial judge. But for what purpose? In one instance it was in order to secure a tactical procedural advantage: he sought an expedited judge trial rather than a more delayed jury trial in the federal court. In the other instance this respondent sought to avoid dismissal of a lawsuit which had already entered the discovery phase without answer by the defendant. Respondent’s problem at that stage was at least in part caused by his choice not to default an opponent, who had been guilty of an oversight in not answering.
In each case the advantage to respondent or his client was minimal. His reprehensible conduct of misstating the truth both orally and in writing was prompted largely because of an inability or failure to handle his cases properly.
Considering the facts, circumstances and the nature of respondent’s misconduct we determine that the appropriate discipline to be imposed in this case is a three year suspension rather than the five years recommended by the Commissioner.[2]

Decree

For the reasons assigned it is ordered, adjudged and decreed that James M. Boone be suspended from the practice of law in Louisiana for a period of three years. Respondent is to bear all costs of this proceeding.

. The Court's finding of disbarment in that proceeding resulted from its consideration of four allegations of misconduct. Two of those were the two incidents involved in these proceedings. A third, involving the respondent’s alleged involvement with Gary W. Creek had resulted in a federal grand jury investigation. The grand jury returned a "No True Bill”, and although the Committee on Professional Responsibility made the Creek incident the subject of its investigatory proceedings, the Committee chose not to pursue it before the commissioner. A fourth allegation involved Boone’s conduct as attorney for the plaintiff in the case of David Carlee v. M/V Patricia E., et al, in which Boone is alleged to have violated Disciplinary Rule 5-103(B) of the Code of Professional Responsibility, pertaining generally to acquiring an interest in litigation. No charge was made with respect to that matter by the Louisiana State Bar Association, either in the investigatory hearing, or before the commissioner.

. The Model Rules for Lawyer Discipline and Disability Proceedings developed by the American Bar Association’s Standing Committee on Professional Discipline has for a number of years espoused the position that in attorney disciplinary matters suspension should be imposed for a period not exceeding three years. Recently this rule has been incorporated as recommendation number 20 into the Committee’s July 1987 Report entitled Evaluation of the Louisiana Lawyer Disciplinary System.